IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Pedro E. Torres-Román, et al.<br><br>Plaintiffs<br><br>v.<br><br>Benito A. Martínez-Ocasio, et al.,<br><br>Defendants | **Civil. No. 21-cv-01621(GMM)** |

**OPINION AND ORDER**

Before the Court is Plaintiffs' *Motion for Extension of Time for Plaintiffs to Disclose Expert Witnesses in Compliance with Order at Docket No. 60* ("*Motion for Extension of Time*") (Docket No. 71) and *Plaintiffs' Motion to Compel Discovery* ("*Motion to Compel*") (Docket No 79). Also before the Court is Defendants' *Joint Response to Plaintiffs' Motion for Extension of Time for Plaintiffs to Disclose Expert Witnesses, Docket No. 71 and Request to Stay Discovery Pending Adjudication of Defendants' Motions to Dismiss* ("*Joint Motion to Stay Discovery*"). (Docket No. 81). The Plaintiffs' *Motion for Extension of Time* is **GRANTED IN PART AND DENIED IN PART;** Plaintiffs' *Motion to Compel* is **DENIED WITHOUT PREJUDICE;** and Defendants' *Joint Motion to Stay Discovery* is **GRANTED IN PART AND DENIED IN PART.**

# I. PROCEDURAL BACKGROUND

On December 20, 2021, Pedro E. Torres Román, Mario Resende-González, and Antonio Moll (collectively "Plaintiffs") filed a Complaint against Benito Antonio Martínez Ocasio ("Martínez-Ocasio"), Noah Assad ("Assad"), Rimas Entertainment LLC ("Rimas"), 200 Carritos LLC, Insurance companies A, B, C and DOES 1-10 inclusive (collectively "Defendants") for copyright infringement pursuant to the Copyright Act, 17 U.S.C. §101, et seq, violation of the Puerto Rico Moral Rights Act, P.R. Laws Ann. tit. 31, §§ 1401j-1401ff (2020), and the violation of Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. (Docket. No. 1). On February 1, 2022, Plaintiffs filed an Amended Complaint. (Docket. No. 8). On May 19, 2023, the Court issued a Case Management Order ("CMO") setting among other deadlines, September 29, 2023 as the deadline for Plaintiffs to disclose experts, expert witness summaries and reports, as required by Fed. R. Civ. P. 26(a)(2). (Docket No. 60). On September 7, 2023, Plaintiffs filed a Second Amended Complaint to include claims under the Visual Rights Act, 17 U.S.C. § 106A. (Docket No. 64).

On September 28, 2023, Plaintiffs filed *Motion for Extension of Time* until January 31, 2024 to disclose expert witnesses. (Docket No. 71). Plaintiffs argue that Defendants failed to comply with Rule 26 disclosures, that all responses to interrogatories

Case 3:21-cv-01621-GMM   Document 110   Filed 12/01/23   Page 3 of 19

**Civil. No. 21-cv-01621(GMM)**
**Page -3-**

have been evasive and that the most recent amendment to the Complaint requires additional discovery. Plaintiffs allege additional challenges to evaluate and determine the type of expert witness and report appropriate to their causes of action. They indicate this is due to Defendants' lack of information pertaining to the display, distribution, monetization and subsequent marketing of Defendants' alleged infringing video. According to Plaintiffs, the requested extension of time would not unduly prejudice the Defendants and would enhance Plaintiffs' ability to set forth their claim. Plaintiffs further allege they have tried to contact Defendants' attorneys of record to address this matter to no avail.

On October 5, 2023, Plaintiffs filed their *Motion to Compel*. (Docket No. 79). Plaintiffs request the Court to direct Rimas, Assad and Martínez-Ocasio to correct the deficiencies in their Initial Disclosures and to provide thorough and clear responses to Interrogatories and to participate in the discovery process. According to Plaintiffs, despite their persistent efforts, primarily through written communications, the Defendants have either been reticent in sharing the requested information or have outright disregarded their queries. Plaintiffs allege that Defendants have responded to Interrogatories with "minimal information possible, hiding behind procedural nuances and

technicalities". (Id. at 17). Also, they posit that Defendants have responded to discovery requests in an evasive manner providing incomplete information and including numerous objections centered on qualifying answers and defined terms.

In response to Plaintiffs' *Motion for Extension of Time*, on October 12, 2023, Defendants filed their *Joint Motion to Stay Discovery*. (Docket No. 81). According to Defendants, the Court should stay discovery pending the resolution of the motions to dismiss filed at Docket Nos. 76 and 78, because if the Court were to determine that Plaintiffs' claims are not viable, conducting further discovery would result in an unnecessary waste of time and resources. To support their request, Defendants state that Plaintiffs' *Motion for Extension of Time* has inevitably already affected the CMO and will also affect all other deadlines. They also posit that Plaintiffs would not be unfairly prejudiced by staying discovery at this point, nor will holding discovery in abeyance unreasonably delay the litigation. On the other hand, they allege, Defendants would be prejudiced should Plaintiffs be allowed to embark upon a wide-ranging effort to conduct discovery at this juncture when dispositive motions are pending.

In the alternative that the stay of discovery is not granted, Defendants argue that the Court should deny Plaintiffs' *Motion for Extension of Time* and order them to disclose the identity of their

expert witnesses and that a new CMO be set. Defendants allege that at this stage Plaintiffs are only required to identify who they will use as their expert and that a plaintiff in a copyright suit should know what experts it needs to support its own claims.

As to the *Motion to Compel*, on October 13, 2023, Martínez-Ocasio filed *Response in Opposition to Motion to Compel* (Docket 82), while Rimas and Assad filed *CoDefendants Rimas Entertainment, LLC and Noah Assad's Opposition to Plaintiffs' Motion to Compel Discovery at D.E. 79* (Docket No. 83). Defendants individually argue that Plaintiffs have failed to comply with Local Rule 26(b) and Rule 37 of the Rules of Civil Procedure by not meeting and conferring prior to filing their *Motion to Compel*. According to Defendants, a first set of interrogatories was served to Defendants on June 26, 2023. (Docket Nos. 79-4 and 79-7). Then, after mutually agreed upon extensions of time, on August 25, 2023, Defendants sent their responses and objections to the first set of interrogatories. (Docket Nos. 79-5 and 75-8). Later, on September 15, 2023, Plaintiffs sent Defendants a letter purporting to object to the latter's Rule 26(a) initial disclosures. (Docket No. 79-2). The Defendants responded to said letter on September 28, 2023, expressing that they "ha[d] no objection to scheduling a deadline for the Parties to exchange amended initial disclosures in light of the Amended Complaint." (Docket No. 79-3 at 1). Despite this,

Defendants argue that on September 20, 2023, Plaintiffs, through their attorney, sent an objection letter concerning their interrogatory responses and requested Defendants to "provide outstanding responses to the interrogatories by October 9, 2023." (Docket Nos. 79-6 at 3 and 79-9 at 3). Defendants thereby allege that Plaintiffs did not wait until that date or even attempt to seek a resolution of the matter or to meet and confer on either the responses to interrogatories or the objections to the initial disclosures. Instead, on October 5, 2023, Plaintiffs prematurely filed their *Motion to Compel*, prior to the deadline Plaintiffs themselves provided for Defendants to respond in their September 20 objection letter.

In addition, Defendants contend that even if the Court does not deny the *Motion to Compel* due to the failure to comply with Fed. R. Civ. P. 37(a)(1) and Local Rule 26(b), Plaintiffs' request is unsubstantiated. Defendants argue that their responses to Plaintiffs' interrogatories show that contrary to Plaintiffs' averment that they were evasive, they indeed provided responses, albeit not the responses Plaintiffs desired. Defendants further argue that on a motion to compel, the movant, over an adversary's objection, has the burden of showing the relevance of the information requested, which Plaintiffs have not done. In addition, Martínez-Ocasio posits that Plaintiffs' *Motion to Compel*

Case 3:21-cv-01621-GMM   Document 110   Filed 12/01/23   Page 7 of 19

Civil. No. 21-cv-01621(GMM)
Page -7-

is flawed since they have grouped all Defendants into one, by filing an omnibus motion asserting arguments against all Defendants as if they were a single entity. To this end, Martínez-Ocasio contends that he has provided a factual response in each question where one was available to him.

On October 30, 2023, Plaintiffs filed their *Reply to Defendants' Oppositions to Plaintiffs' Motion to Compel and Reply to Joint Response.* (Docket No. 90). Plaintiffs insist that they have made a reasonable and good faith effort to meet and confer but have faced lack of cooperation with discovery. Also, Plaintiffs assert that their *Motion to Compel* is legally sufficient, since to date Defendants have failed to respond to Plaintiffs' objections regarding the interrogatories. They posit that the discovery sought is well within the boundaries of relevance and proportionality, and that the generalized objections asserted by Defendants are non-compliant and show their animus to obstruct discovery and the judicial proceedings.

On November 8, 2023, Martínez-Ocasio filed a *Surreply to Defendants' Oppositions to Plaintiffs' Motion to Compel and Reply to Joint (DKT. 90)*. (Docket No. 99). On that same date, Rimas and Assad also filed a *Surreply to Plaintiff's Reply to Defendants' Oppositions to Plaintiffs' Motion to Compel and Reply to Joint [Motion at Docket No. 81] (Docket No. 90)*. (Docket No. 100).

Case 3:21-cv-01621-GMM   Document 110   Filed 12/01/23   Page 8 of 19

Civil. No. 21-cv-01621(GMM)
Page -8-

## II. LEGAL STANDARD AND APPLICABLE LAW

A.   Case Management Orders

District courts have considerable discretionary authority to set and enforce filing deadlines in accordance with the Federal Rules of Civil Procedure, even when those deadlines are difficult for lawyers to meet. *See* Macaulay v. Anas, 321 F.3d 45, 49 (1st Cir. 2003) ("Courts simply cannot afford to let lawyers' schedules dominate the management of their dockets."); McIntosh v. Antonino, 71 F.3d 29, 38 (1st Cir. 1995) ("Litigants cannot expect that courts will dance to their every tune, granting extensions on demand to suit lawyers' schedules."); Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir. 1990) ("[A] district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines."). "[L]itigants have an unflagging duty to comply with clearly communicated case management orders." Rosario Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (citation omitted). "Rule 16(b) allows district courts to manage their over-burdened caseloads and litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." Flores-Silva v. McClintock-Hernandez, 710 F.3d 1, 5 (1st Cir. 2013) (*quoting* O'Connell v. Hyatt Hotels of Puerto

Rico, 357 F.3d 152, 155 (1st Cir. 2004) (internal quotation marks omitted)).

Over the years, the First Circuit has recognized that district courts have broad discretion in determining how best to deter Parties from flouting filing deadlines. Rivera-Aponte v. Gomez Bus Line, Inc., 62 F.4th 1, 6 (1st Cir. 2023). "Given the amply stocked armamentarium that is available to a district court to combat the flouting of court-ordered deadlines, "a litigant who ignores a case-management deadline does so at his peril."" Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998); see Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005).

1. Rule 26(a)(2) Disclosure

"The Civil Rules require litigation adversaries to disclose to each other the identity of proposed expert witnesses and the subjects on which their testimony will be offered." Samaan v. St. Joseph Hosp., 670 F.3d 21, 35 (1st Cir. 2012) (*citing* Fed. R. Civ. P. Rule 26(a)(2)(A)-(C)). "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

B.   Motions to Compel

District courts have "broad discretion in pretrial management matters," including discovery matters. Curet-Velazquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 54 (1st Cir. 2011); *see also*

Case 3:21-cv-01621-GMM   Document 110   Filed 12/01/23   Page 10 of 19

Civil. No. 21-cv-01621(GMM)
Page -10-

Neth. Ins. Co. v. HP, Inc., No. 18-CV-12136-DLC, 2022 WL 18027562, at *2 (D. Mass. Dec. 30, 2022); Faigin v. Kelly, 184 F.3d 67, 84 (1st Cir. 1999) ("A district court's case-management powers apply with particular force to the regulation of discovery and the reconciliation of discovery disputes."). To that extent, "district courts must be afforded wide latitude in the management of discovery." Danny B. ex rel. Elliott v. Raimondo, 784 F.3d 825, 834 (1st Cir. 2015).

Federal Rule of Civil Procedure 26(b)(1) permits a party to obtain discovery that is "'relevant to any party's claim or defense.'" Gardner v. Cape Cod Healthcare, Inc., 344 F.R.D. 127, 132 (D. Mass. 2023) (quoting Fed. R. Civ. P. 26(b)(1)). "[B]ecause 'discovery itself is designed to help define and clarify the issues, the limits set forth in Rule 26 must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.' " Martin v. Evans, No. 16-cv-11362-PBS, 2018 WL 10247394, at *1 (D. Mass. Feb. 6, 2018) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

"Without awaiting a discovery request," Rule 26(a)(1) requires Parties to disclose, among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of

Case 3:21-cv-01621-GMM   Document 110   Filed 12/01/23   Page 11 of 19

**Civil. No. 21-cv-01621(GMM)**
**Page -11-**

that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). Rule 33 permits Parties to serve twenty-five written interrogatories that "relate to any matter that may be inquired into under Rule 26(b)," Fed. R. Civ. P. 33(a), and Rule 34 governs requests for production of documents and electronically stored information, which are allowed "within the scope of Rule 26(b)," Fed. R. Civ. P. 34. "If a party fails to make a disclosure required by Rule 26(a)," "fails to answer an interrogatory submitted under Rule 33," or "fails to produce documents ... as requested under Rule 34," the requesting party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a).

    1.   <u>Meet and confer requirement</u>

Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1) require that, before filing a motion to compel, the moving party must certify that it "has made a reasonable and good-faith effort to [try and solve the discovery dispute] with opposing counsel" without the court's intervention. Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(b); *see* Fed.R.Civ.P. 37(a)(1); <u>Brenford Envtl. Sys. L.P. v. Pipeliners of P.R.</u>, 269 F.R.D. 143, 147 (D.P.R. 2010). "An attempt to confer will not suffice." Local Rule 26(b); <u>Vázquez-Fernández v. Cambridge Coll., Inc.</u>, 269 F.R.D. 150, 163 (D.P.R. 2010). Local Rule 26(b) makes it clear that

unresolved discovery disputes are to be presented to the court only "[a]fter efforts to resolve the dispute have been exhausted." Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(b). Moreover,

> The purpose of good faith conferral is to enable the Parties to narrow, if not resolve, their dispute, and thereby obviate the need to file wide-ranging motions to compel. ... It is not up to the Court to expend its own energies when the Parties have not sufficiently expended their own. The costs of litigation are too high and there are too many demands on the Court's time to adjudicate needless motions to compel that might not have been filed if counsel put forth a good faith effort.

A.J. Amer Agency, Inc. v. Astonish Results, LLC, No. CA 12-351S, 2013 WL 9663951, at *2-3 (D.R.I. Feb. 25, 2013) (citations omitted). "[Plaintiffs'] failure to comply with the meet and confer requirements constitutes sufficient reason to deny the [motion] to compel." Velazquez-Perez v. Developers Diversified Realty Corp., 272 F.R.D. 310, 312 (D.P.R. 2011) (citation and internal quotation marks omitted).

C.  Stay of Discovery

"The court has broad discretion to stay discovery pending resolution of a motion to dismiss." Dicenzo v. Mass. Dep't of Corr., Case No. 3:15-cv-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (*citing* Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). "[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v.

Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). However, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." Marquis v. F.D.I.C., 965 F.2d 1148, 1155 (1st Cir. 1992). "The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1)." Dicenzo, 2016 WL 158505, at *1. See Pub. Citizen v. Liggett Grp., Inc., 858 F.2d 775, 789 (1st Cir. 1988).

### III. DISCUSSION

A.  *Motion for Extension of Time*

First, the Court addresses Plaintiffs' *Motion for Extension of Time*. On May 19, 2023, the Court issued a CMO setting, among other deadlines, September 29, 2023 as the landmark for Plaintiffs to disclose experts as required by Fed. R. Civ. P. 26(a)(2). (Docket No. 60). Despite this, Plaintiffs seek an extension of time to disclose the identity of their experts due to: (1) alleged deficient initial disclosures by Defendants; (2) alleged challenges in obtaining responses to interrogatories; (3) the filing of the Second Amended Complaint on September 7, 2023; and (4) the difficulty in identifying proper experts.

Case 3:21-cv-01621-GMM   Document 110   Filed 12/01/23   Page 14 of 19

**Civil. No. 21-cv-01621(GMM)**
**Page -14-**

In consideration to Plaintiffs' claims, the Court grants in part and denies in part the requested extension. The Court had already established for this deadline. Plaintiffs agreed to this date with Defendants. Furthermore, sufficient time has transpired between the filing of these discovery motions and the Court's present ruling, for Plaintiff to comply with Rule 26(a)(2).

The Court forewarned the Parties in the August 15, 2023 status conference of the costs and hardships of identifying an expert witness for this litigation. That is, Plaintiffs should have foreseen the need for expert witnesses before the deadline set forth in the CMO. After all, at this stage, Plaintiffs are only required to disclose the identity of the expert who may be used at trial, and they have the ultimate burden to prove the cause of action brought before this Court.

Nonetheless, the Court partially grants Plaintiffs' extension request. Plaintiffs are granted until **January 12, 2024** to disclose the identity of their experts. Plaintiffs must strictly comply with this newly established deadline, or they can be subject to the applicable sanctions as provided by Rule 37 of the Rules of Civil Procedure. *See* Fed.R.Civ.P. 37(c)(1); Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77 (1st Cir. 2009) ("Where a district court has established a disclosure date, as in this case, a party must disclose the expert's identity at this ordered time.

Fed.R.Civ.P 26(a)(2)(C). If a party's expert disclosure is untimely, the party is not allowed to use that witness or relevant expert information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.")

B.  Motion to Compel

According to Plaintiffs, Defendants have failed to comply with their discovery obligations by not providing adequate initial disclosures and by not properly answering several of their discovery requests. More specifically, Plaintiffs complain that in the initial disclosures as well as the answers provided to various interrogatories directed to Martínez-Ocasio, Rimas and Assad are insufficient and evasive. Moreover, Plaintiffs posit that more than answers, Defendants have provided multiple elaborate qualifications and objections to avoid providing responses.

Even though Plaintiffs certify that they have conferred with opposing counsel in good faith to resolve the discovery impasse, the Parties have yet to make reasonable and good-faith efforts to reach an agreement on the matters set forth in the *Motion to Compel*. The Court notes that after Plaintiffs objected to certain discovery responses in a letter dated September 20, 2023, they themselves granted Defendants until October 9, 2023 to provide the responses to the interrogatories:

> I believe it's in our best interest to move forward promptly and efficiently by engaging in good faith conferment to seek a resolution to our current dispute before proceeding further with court. Therefore, I request that you provide outstanding responses to the interrogatories by October 9,2023. This will allow us to avoid the need for further legal action. Your cooperation in this matter is greatly appreciated.

(Docket No. 79-5 at 6).

Despite this, Plaintiffs filed their *Motion to Compel* on October 5, 2023, without allowing Defendants to respond on the very deadline they provided. In addition, Plaintiffs filed a Second Amended Complaint on September 7, 2023, which introduced new allegations, claims and theories of liability that were not originally brought. Considering this, the Court orders the Parties to meet and confer in good faith to reach an agreement to supplement the initial disclosures and exchange the requested information. All information disclosed shall, of course, be limited to that which is relevant and discoverable.

C.  Motion to Stay

Defendants filed motions to dismiss at Docket Nos. 76 and 78. Albeit the Court's broad discretion to stay discovery pending resolution of these motions, it declines to do so. Parties will adopt the modified deadlines in accordance with the Amended Case Management Order herein.

**Civil. No. 21-cv-01621(GMM)**
**Page -17-**

D.  <u>Amended Case Management Order</u>

Pursuant to the Court's determination regarding Plaintiffs' *Motion for Extension of Time* and *Motion to Compel* the CMO at Docket No. 60 is hereby amended as follows:

| Event | Deadline |
|---|---|
| For Plaintiffs to disclose experts, expert witness summaries and reports, as required by Fed. R. Civ. P. 26(a)(2) | **January 12, 2024** |
| For Defendants to disclose experts, expert witness summaries and reports, as required by Fed. R. Civ. P. 26(a)(2) | **January 26, 2024** |
| Fact Discovery Conclusion | **February 26,2024** |
| For Plaintiffs to Submit expert reports | **April 11, 2024** |
| For Defendants to Submit expert reports | **April 25, 2024** |
| Expert depositions and any pending expert discovery | **June, 24,2024** |
| Conclusion of all discovery | **July 23, 2024** |
| To file dispositive motions | **August 19, 2024** |
| To file oppositions to dispositive motions | **September 19, 2024** <u>Replies and sur-replies are allowed</u>. They should be submitted without further Court authorization not later than |

|  | seven (7) days after filing of the motion they are responding to. |
|---|---|

The Court reiterates that the deadlines in this Amended CMO will be strictly enforced and will not be extended without good cause. Any motion seeking an extension must be filed in advance of the deadline. It shall include the specific reasons why the Court should extend the discovery deadline. The Parties are not allowed to extend discovery on their own by mutual agreement. The Parties may not agree to stay the discovery. A stay of proceedings requires a Court order. In the absence of a Court order, discovery shall continue even if there is a dispositive motion pending.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' *Motion for Extension of Time* is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs are granted until **January 12, 2024** to disclose the identity of their experts. Plaintiffs' *Motion to Compel* is **DENIED WITHOUT PREJUDICE.** The Parties are ordered to meet and confer within the next fourteen (14) days, by **December 15, 2023,** to settle their differences with the challenged discovery requests, particularly to reach an agreement in good faith to supplement the initial disclosures and exchange the requested information within the scope established in this Opinion. Finally, Defendants' *Joint*

**Civil. No. 21-cv-01621(GMM)**
**Page -19-**

*Motion to Stay Discovery* is **GRANTED IN PART AND DENIED IN PART**. Pursuant to this, the Court adopts an Amended Case Management Order.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, December 1, 2023.

                                          s/Gina R. Méndez-Miró
                                          GINA R. MÉNDEZ-MIRÓ
                                          UNITED STATES DISTRICT JUDGE